**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3120-21

EDWIN RIVERA,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

          Submitted April 29, 2024 – Decided May 10, 2024

          Before Judges Mawla, Chase and Vinci.

          On appeal from the New Jersey State Parole Board.

          Edwin Rivera, appellant pro se.

          Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Edwin Rivera, self-represented, appeals from an April 27, 2022 final decision of the New Jersey State Parole Board ("Board") denying him parole and establishing a ninety-six-month future eligibility term ("FET"). We affirm.

I.

In 1983, Rivera, who was on parole, stabbed a man several times. An autopsy concluded the victim's cause of death was "homicide by stabbing, penetration of the right lung and hea[r]t. Massive hemorrhage." The weapon was believed to be an icepick or screwdriver.

On September 15, 1983, a jury convicted Rivera of first-degree murder, N.J.S.A. 2C:11-3, and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d). He was sentenced to life imprisonment with thirty years of parole ineligibility for murder and a concurrent five-year sentence on the weapons charge.

At the time of the conviction, Rivera had three prior convictions for aggravated assault, three for robbery, two for atrocious assault and battery, as well as convictions for receiving stolen property, unlawful possession of a weapon, possession of a controlled dangerous substance with intent to distribute, and possession of a weapon for an unlawful purpose. Rivera also had two prior

opportunities on parole but violated both by committing new criminal offenses. He has committed twenty-six total institutional disciplinary infractions during his incarceration, including thirteen "asterisk" (serious) infractions.

When Rivera first became eligible for parole in 2015, he was denied same, and a 120-month FET was ordered. We affirmed both the denial and FET. Rivera v. N.J. State Parole Bd., No. A-2813-15 (App. Div. July 13, 2017). Since his last panel hearing, he committed four infractions, each involving illegal narcotics. His most recent infraction occurred on December 6, 2018, when he was found guilty of committing prohibited act *.204, Use of a Prohibited Substance.

On July 21, 2021, Rivera again became eligible for parole and received a hearing. The hearing officer referred the matter to a two-member board panel for review.

The two-member panel denied Rivera parole after determining "a substantial likelihood" existed that Rivera "would commit a crime if released on parole at th[at] time." The panel based its decision on the following factors: (1) facts and circumstances of the offense; (2) repetitive prior record; (3) nature of criminal record increasingly more serious; (4) committed to incarceration for multiple offenses; (5) prior opportunity on parole revoked for commission of a

3

new offense; (6) current opportunity on parole revoked for commission of a new offense; (7) current opportunity on parole revoked for technical violations, including failure to report, and change of residence without permission; (8) prior incarcerations and prior opportunity on parole failed to deter criminal behavior; (9) commission of institutional disciplinary infractions, which are numerous, persistent, serious in nature, resulting in loss of commutation time, confinement in detention and administrative segregation and which are consistent with prior criminal record; (10) commission of institutional disciplinary infractions since the last panel hearing, which are numerous, persistent, serious in nature, resulting in loss of commutation time, confinement in administrative segregation and which are consistent with prior criminal record, with the most recent infraction occurring in December 2018; (11) insufficient problem resolution, specifically lack of insight into criminal behavior, minimization of conduct and a failure to sufficiently address a substance abuse problem, as demonstrated by the panel interview, documentation in the case file and confidential material/professional report; (12) commission of current offenses while on bail; and (13) the results of an objective risk assessment indicating a "medium" risk of recidivism.

Regarding his insufficient problem resolution, the Board noted, "Rivera has a long history of drug addiction. He agreed that drugs have been a factor in his long criminal history. He does not have a clear idea what he will do for work upon release."

The Board found the following mitigating factors: (1) minimal offense record; (2) participation in institutional programs; (3) participation in programs specific to behavior; (4) institutional reports reflect a favorable institutional adjustment; (5) attempts made to enroll in programs but was not admitted; (6) minimum custody status achieved; and (7) commutation time restored. After considering the mitigating factors, the panel found the reasons for denial weighed more heavily and denied parole. The matter was referred to a three-member board panel to establish a FET.

In September 2021, a three-member Board panel convened and established a ninety-six-month FET. The panel explained its reasoning in an eleven-page narrative decision. The three-member panel relied on the same factors as the two-member panel in denying Rivera parole, detailing, among other things, his current insufficient problem resolution, including a lack of insight into his criminal behavior, minimization of conduct, and his failure to sufficiently address a substance abuse problem.

5

Rivera appealed from the panel's decisions to the full Board.  On April 27, 2022, the full Board affirmed the denial of parole and the imposition of a ninety-six-month FET.  The Board rejected Rivera's arguments that the panel failed to consider material facts, including the fact he committed his crimes more than thirty years ago, failed to document a preponderance of the evidence indicating a substantial likelihood that he will commit a new crime if released on parole, and improperly focused only on aggravating factors while ignoring mitigating factors.  Rather, the Board found the panel appropriately considered his criminal and community supervision history, and his recent history of disciplinary infractions.  In addition, the Board found Rivera's responses to the panel at his parole hearing, coupled with the "documentation in the case file" and a confidential mental-health evaluation, established Rivera "lack[s] insight into his criminal behavior," minimizes his conduct, and has not sufficiently addressed a substance abuse problem.

On appeal, Rivera raises the following point:

POINT I.

THE TWO MEMBER BOARD PANEL FAILED TO DOCUMENT THAT A PREPONDERANCE OF THE EVIDENCE INDICATES A SUBSTANTIAL LIKELIHOOD THAT IF RELEASED ON PAROLE APPELLANT RIVERA WILL COMMIT A CRIME.

6

## II.

We conduct a limited and deferential review of a Parole Board's decision. See Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div. 2004). "Appellate review of parole determinations 'focuses upon whether the factual findings made by the Parole Board could reasonably have been reached on sufficient credible evidence in the record.'" Perry v. N.J. State Parole Bd., 459 N.J. Super. 186, 193 (App. Div. 2019) (quoting Trantino v. N.J. State Parole Bd., 166 N.J. 113, 199 (2001)).

The Parole Board, however, does not exercise "unlimited or absolute" discretionary power. Acoli v. N.J. State Parole Bd., 250 N.J. 431, 455 (2022). Accordingly, we "will reverse a decision of the Board only if the offender shows that the decision was arbitrary or unreasonable, lacked credible support in the record, or violated legislative policies." K.G. v. N.J. State Parole Bd., 458 N.J. Super. 1, 30 (App. Div. 2019). The appellant carries "[t]he burden of showing the agency's action was arbitrary, unreasonable[,] or capricious." Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304 (App. Div. 1993). Board decisions are "accorded a strong presumption of reasonableness." McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). However, we review questions of law de novo. See Perry, 459 N.J. Super. at 193-94.

Under the Parole Act of 1979,[1] which governs Rivera's parole because his offenses were committed in 1983, the Board "must determine by a preponderance of the evidence whether there is a substantial likelihood the inmate will commit another crime if released."  Hare, 368 N.J. Super. at 180; N.J.S.A. 30:4-123.53 (1979).  A substantial likelihood "requires a finding that is more than a mere probability and considerably less than a certainty."  Acoli, 250 N.J. at 456.

"N.J.A.C. 10A:71-3.11(a) provides that the grant or denial of parole must 'be based on the aggregate of all pertinent factors.'"  Id. at 457 (quoting N.J.A.C. 10A:71-3.11(a)); see also Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 360 ("Common sense dictates that [the Board's] prediction as to future conduct . . . be grounded on due consideration of the aggregate of all of the factors which may have any pertinence.").  "That regulation sets forth a list of twenty-four factors that the Parole Board 'shall consider,' in addition to other factors it may deem relevant, in making a parole decision."  Acoli, 250 N.J. at 457 (quoting N.J.A.C. 10A:71-3.11(b)).  As the Supreme Court in Acoli explained:

> Some of those factors include:  facts and circumstances related to the underlying crime; offenses and

---

[1] N.J.S.A. 30:4-123.45 to -123.69

disciplinary infractions committed while incarcerated; participation in institutional programs and academic or vocational education programs; documentation reflecting personal goals, personal strengths or motivation for law-abiding behavior; mental and emotional health; parole plans; availability of community resources or support services; statements by the inmate reflecting on the likelihood that he will commit another crime; the failure to rehabilitate; history of employment and education; and statement or testimony of any victim.

[Ibid. (citing N.J.A.C. 10A:71-3.11(b)).]

III.

Rivera's argument focuses on two main themes: first, he claims because his conviction is over thirty years old, its remoteness has caused it to lose any relevance; and second, Rivera argues his institutional infractions are related to his lifelong struggle with drug use, and because he has been addressing his substance abuse since the hearing occurred, through participation in the Gateway Program, the Board should not have used the infractions as a basis for its denial.

We reject Rivera's argument the Board failed to "justify the denial of [his] parole." Contrary to Rivera's assertions, the Board, pursuant to N.J.A.C. 10A:71-3.11(b), appropriately considered the facts and circumstances of his crimes, the nature and pattern of his previous convictions, his previous

9

adjustment to probation, parole and incarceration, and his history of institutional disciplinary infractions in deciding his suitability for parole. These are all static factors the Board can consider in making a parole release decision. N.J.A.C. 10A:71-3.11(b)(2), (3), (4) & (7). Moreover, although his convictions are remote, he has accumulated violations and used illegal drugs continuously while incarcerated during the intervening years.

Similarly, appellant's subsequent entry into the Gateway Program, while proper for consideration by a subsequent panel under N.J.A.C. 10A:71-3.11(b)(8), was not available to this panel at the time they rendered their decision. However, the panel considered his attempt to enroll as a mitigating factor. Moreover, this panel properly considered the psychological report describing a medium risk for reoffending based in part on "extensive substance abuse problems with recent relapses even during incarceration." Appellant's substance abuse issues also supported the conclusion he has "severe psychological problems" and his risk for future violence is "most related to [the] possibility for substance abuse relapse."

The Board also appropriately considered the panel's determination that Rivera's statements demonstrated "insufficient problem resolution," and "[a]

10

lack [of] insight" into his criminal behavior. Its determination was therefore based on sufficient credible evidence in the record and should not be disturbed.

To the extent not addressed, Rivera's remaining arguments lack sufficient merit to warrant discussion in our written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION